M.H. and J.H., on behalf of their son, A.H., Plaintiffs–Appellees,

v.

MONROE–WOODBURY CENTRAL SCHOOL DISTRICT, Defendant–Appellant.

No. 06–2225–cv.

United States Court of Appeals, Second Circuit.

Oct. 12, 2007.

Michael H. Sussman, Goshen, N.Y. for Plaintiffs–Appellees.

James P. Drohan, Donoghue, Thomas, Auslander & Drohan, Hopewell Junction, NY, for Defendant–Appellant.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Monroe–Woodbury Central School District ("Monroe") appeals from the March 20, 2006 decision of the United States District Court for the Southern District of New York (Brieant, J.) granting summary judgment in favor of plaintiffs-appellees M.H. and J.H., on behalf of their son, A.H., and awarding tuition reimbursement to them under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* *M.H. ex rel. A.H. v. Monroe–Woodbury Cent. Sch. Dist.,* No. 04–cv–3029, 2006 WL 728483 (S.D.N.Y. Mar.20, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Reviewing *de novo* the district court's grant of summary judgment and its application of the IDEA's statutory and regulatory provisions to the facts of this case, *see Cerra v. Pawling Cent. Sch. Dist.,* 427 F.3d 186, 191 (2d Cir.2005), we agree with Monroe that the district court failed to give "due weight" to the findings of the state review officer ("SRO") and independent hearing officer ("IHO"). *See Walczak v. Fla. Union Free Sch. Dist.,* 142 F.3d 119, 129 (2d Cir.1998) (stating that federal courts are required to give "due weight" to state administrative proceedings under the IDEA). A district court must grant particular deference to the administrative proceedings when, as in this case, its decision

is based solely on the same evidence in the administrative record. *See M.S. ex rel. S.S. v. Bd. of Educ. of Yonkers,* 231 F.3d 96, 105 (2d Cir.2000).

The district court reversed the conclusion of the SRO that Monroe's individualized educational plan ("IEP") was "reasonably calculated to enable [A.H.] to receive educational benefits," *see Cerra,* 427 F.3d at 192, citing to evidence that suggested A.H. had progressed while at the specialized Windward School and reasoning that he would only continue to progress in a similar educational environment. The district court failed to acknowledge that the record contains contrary evidence with respect to many of the indicia of progress that it relied upon, such as results from clinical educational experts on whether A.H. had progressed in areas of educational deficit, A.H.'s grades, and his teacher evaluations. The SRO considered these indicia, along with other factors, and concluded that Monroe's proposed IEP was appropriate to meet A.H.'s educational needs. To the extent the district court suggested that the SRO and IHO misstated or misconstrued the record in reaching their conclusions, we do not agree. To the extent the district court found a lack of evidentiary support for the SRO and IHO decisions, it failed to consider the full record, mindful that plaintiffs bear the ultimate burden of proof, *see Schaffer ex rel. Schaffer v. Weast,* 546 U.S. 49, 62, 126 S.Ct. 528, 163 L.Ed.2d 387 (2005) (holding that the burden of proof in an IDEA impartial hearing rests on the party seeking relief).

We hold that the district court misapplied the standard of review applicable in IDEA cases by not according "due weight" to the administrative findings and that the record does not demonstrate by a preponderance of the evidence that Monroe's IEP was inadequate to meet A.H.'s educational needs. *See Gagliardo v. Arlington Cent. Sch. Dist.,* 489 F.3d 105, 112 (2d Cir.2007) (stating that federal courts must review the administrative proceedings under a preponderance of the evidence standard).

Because we do not conclude that the IEP was inadequate to meet A.H.'s educational needs, plaintiffs are not entitled to tuition reimbursement for placing A.H. in private school. *See Walczak,* 142 F.3d at 129 (holding that parents are entitled to tuition reimbursement when "it appears (1) that the proposed IEP was inadequate to afford the child an appropriate public education, and (2) that the private education services obtained by the parents were appropriate to the child's needs") (citing *Sch. Comm. of Burlington v. Dep't of Educ.,* 471 U.S. 359, 370, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985)).

For the foregoing reasons, we REVERSE the judgment below and REMAND to the district court with instructions to enter judgment in favor of Monroe.